# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAURICE M. DONALD,  
    Petitioner,

vs.

WARDEN, PICKAWAY  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:12-cv-897

Spiegel, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ. (Docs. 2, 11).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On June 10, 2011, the Hamilton County, Ohio grand jury returned a four count indictment charging petitioner with two counts each of trafficking in cocaine and possession of cocaine. (Doc. 11, Ex. 1). Petitioner entered a plea of not guilty to all charges. (Doc. 11, Ex. 2).

On August 25, 2011, petitioner withdrew his former not guilty plea and entered a plea of guilty to two counts of trafficking in cocaine. (Doc. 11, Ex. 3). On September 1, 2011, petitioner was sentenced to a total aggregate sentence of five years of imprisonment in the Ohio Department of Corrections. (Doc. 11, Ex. 5).

### Direct Appeal

Petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals on September 26, 2011. (Doc. 11, Ex. 6). Petitioner raised the following assignment of error:

> Fundamental principles of equal protection under the law require application of the current, revised sentencing laws to the case at bar.

> Issues Presented For Review and Argument:
> Where judgment against Defendant-Appellant was rendered merely 29 days prior to implementation of new sentencing guidelines, Fairness requires Defendant-Appellant's sentence to be reduced based upon the principles underlying and dictates of the new sentencing guidelines.

(Doc. 11, Ex. 7). The State filed a motion to dismiss petitioner's appeal on the basis that the Ohio Court of Appeals did not have jurisdiction over the appeal because petitioner's sentence was an agreed sentence under Ohio Rev. Code § 2953.08(D). (Doc. 11, Ex. 8). On April 12, 2012, the Ohio appellate court granted the State's motion and dismissed the appeal. (Doc. 11, Ex. 9).

## Ohio Supreme Court

Petitioner filed a pro se notice of appeal and motion to file a delayed appeal to the Ohio Supreme Court from the dismissal of his appeal. (Doc. 11, Ex. 10, 11). The Ohio Supreme Court granted petitioner's motion to file a delayed appeal. (Doc. 11, Ex. 12). Petitioner subsequently filed a memorandum in support of jurisdiction raising the following single proposition of law:

> Fundamental principles of equal protection under the law require application of the current, revised sentencing laws to the case at bar.
>
> Issues Presented For Review and Argument:
> Where judgment against Defendant-Appellant was rendered merely 29 days prior to implementation of new sentencing guidelines, Fairness requires Defendant-Appellant's sentence to be reduced based upon the principles underlying and dictates of the new sentencing guidelines.

(Doc. 11, Ex. 13). On October 10, 2012, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 11, Ex. 15).

## Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action November 20, 2012. (Doc. 2). In the petition, petitioner raises the following single ground for relief:

2

> Fundamental principles of equal protection under the law requires application of the current, revised sentencing laws to the case at bar. Where judgment against the appellant was rendered merely 29 days prior to implementation of new sentencing guidelines, fairness requires appellant's sentence to be reduced based upon the principles underlying the dictates of the new sentencing guidelines.

(Doc. 2, p. 5).

Respondent has filed a return of writ, arguing that the petition should be denied. (Doc. 11). Respondent contends that petitioner's ground for relief is procedurally defaulted, not cognizable and, in the alternative, without merit. *See id.*

## II.    THE PETITION SHOULD BE DENIED.

In this federal habeas case, the Court's review is limited to consideration of claims challenging the state prisoner's custody on the ground that it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). The applicable standard of review governing the adjudication of constitutional claims that were raised to and decided by the Ohio courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

3

court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)), *cert. denied*, 132 S.Ct. 1743 (2012).  "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet.  *Id.* at 600.  As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards.  *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court).  It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . .  This is a "substantially higher threshold.". . .  To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original).  The Supreme Court recently extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d).  *See Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1091 (2013).

4

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S.Ct. at 786. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, __ U.S. __, 132 S.Ct. 38, 44–45 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71–72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 132 U.S. at 44, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'" Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right

5

had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).  The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

In the instant case, petitioner argues that principles of equal protection and fundamental fairness require that he should have been sentenced under Ohio sentencing provisions taking effect twenty-nine days after he was sentenced.  (Doc. 2, p. 5).  Petitioner made the same claim on direct appeal, where counsel set forth the basis for his claim as follows:

> Appellant, in the case at bar, has appealed his convictions for two counts of trafficking in cocaine, both charges being pursuant to O.R.C. Section 2925.03(A)(2).  The first count, involving crack cocaine, was charged as a third degree felony and increased to a second degree felony due to the school specification.  The third count, involving cocaine that was not crack cocaine, was charged as a fourth degree felony and increased to a third degree felony due to the school specification.  Both charges involved an amount that equaled or exceeded five grams but was less than 10 grams and both were committed in the vicinity of a school or in the vicinity of a juvenile.
>
> The current sentencing law, found at O.R.C. § 2925.03(C)(4)(c), makes no distinction between crack cocaine and cocaine that is not crack cocaine and renders both charges fourth degree felonies, before the specification is applied.  The charges increase to third degree felonies under the current law, due to the school specification.  The new law, effective September 30, 2011, carries only a presumption for a prison term for the crimes committed pursuant to both counts 1 and 3 and no mandatory sentence, as was required by the old law for trafficking in crack cocaine.
>
> Defendant/Appellant was sentenced on September 1, 2011, just 29 days before the sentence for trafficking in crack cocaine changed from felony 2 with a mandatory sentence of 2 to 8 years to a felony 3 with no mandatory prison term.  The range for a prison term for a third degree felony pursuant to O.R.C. § 2929.14, read in conjunction with § 2929.13, is now only 9 to 36 months for the non-violent offenses listed.  24 additional months is a lifetime for one who is incarcerated.

(Doc. 11, Ex. 7, p. 1).  As noted above, the Ohio Court of Appeals granted the State's motion to

dismiss petitioner's appeal on the ground that the appellate court lacked jurisdiction to consider the appeal under Ohio Rev. Code § 2953.08(D), which prohibits review of a sentence where "the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

After review of the record in this case, the undersigned finds that petitioner is not entitled to habeas relief. As an initial matter, to the extent that petitioner may contend that the Ohio courts misapplied § 2953.08(D) or otherwise violated Ohio law, he is not entitled to habeas relief on this basis. This federal habeas Court has jurisdiction to review petitioner's claims only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). *See also Butler v. Warden*, 483 F. App'x 102, 109 (6th Cir. 2012) (finding that the Ohio Court of Appeals' decision to invoke § 2953.08(D) in the face of the petitioner's due process and equal protection challenges was not contrary to, or an unreasonable application of, clearly established federal law). Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider any claim that the Ohio courts erred under Ohio law.

Petitioner otherwise fails to demonstrate that his sentence is contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. Petitioner does not contend that his plea was involuntary. Instead, he claims that the trial court's failure to sentence him according to the sentencing provision enacted days after his sentence resulted in violations of his Equal Protection and Due Process rights. However, "there is absolutely no constitutional authority for the proposition that the perpetrator

of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed." *United States v. Haines,* 855 F.2d 199, 200 (5th Cir. 1988). *See also Hegney v. Vail*, 357 F. App'x 1, 3 (9th Cir. 2009) ("no Supreme Court case requires states to make changes to their penal code retroactive to avoid an equal protection violation"); *Turner v. Champion*, No. 98-6480, 1999 WL 1032972, at *2 (10th Cir. Nov. 15, 1999) ("[T]he Equal Protection Clause is not violated simply because a criminal defendant who commits a crime after the Act's effective date receives a lesser sentence than a defendant who committed a crime before the effective date."). Because petitioner fails to demonstrate that his sentence is contrary to or involved an unreasonable application of Supreme Court precedent, petitioner is not entitled to habeas relief.

Accordingly, in sum, having found that petitioner's single ground for relief is without merit, petitioner is not entitled to habeas relief and his petition (Doc. 2) should be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in the petition, which has been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  4/22/2014                              s/Karen L. Litkovitz
                                              Karen L. Litkovitz
                                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAURICE M. DONALD,
    Petitioner,

vs.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-897

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).